**SO ORDERED.**

**SIGNED this 18 day of March, 2011.**

_____
                          **JAMES P. SMITH**
               **UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| In the Matter of: | : | Chapter 13 |
|---|---|---|
| RICKEY FLUELLEN, | : | |
| Debtor | : | Case No. 10-52284 JPS |
| CAMILLE HOPE, TRUSTEE, | : | |
| Plaintiff | : | |
| vs. | : | |
| ACORN FINANCIAL, INC., | : | |
| Defendant | : | Adversary Proceeding |
| | : | No. 10-5108 |

BEFORE
JAMES P. SMITH
UNITED STATES BANKRUPTCY JUDGE

APPEARANCE:

    Plaintiff:        Camille Hope
                        P.O. Box 954
                        Macon, GA 31202

    Defendant:      Jenny Martin Stansfield
                        240 Third Street
                        Post Office Box 1606
                        Macon, GA. 31202-1606

## MEMORANDUM OPINION

Before the Court is Acorn Financial, Inc.'s ("Acorn") motion for summary judgment in which Acorn contends that Trustee's avoidance action is barred by res judicata because the action was commenced after the confirmation of Debtor's Chapter 13 plan. The Court, having considered the motion, the response and the record, now publishes this memorandum opinion.

## FACTS

The undisputed facts and the Court's record show that on June 10, 2010, Debtor Rickey Fluellen granted Acorn a security interest on his vehicle. On July 21 Debtor filed a Chapter 13 petition. On July 27 Acorn perfected its security interest by delivering an application for a certificate of title to the applicable official.[1] On August 12 Acorn filed a proof of claim accompanied by a copy of the certificate of title which listed Acorn's security interest on the vehicle. In response to an inquiry by Trustee, the Bibb County Tax Commissioner informed Trustee by e-mail dated August 24 that Acorn had applied for a certificate of title on July 27. The confirmation hearing on Debtor's Chapter 13 plan was held on September 23, and an order confirming the plan was entered by this Court on September 30. On October 8 Trustee filed this adversary proceeding[2] seeking to avoid as a

---

[1] O.C.G.A. §§ 40-3-50, 51.

[2] A copy of the Tax Commissioner's August 24 e-mail was attached as Exhibit "B" to Trustee's complaint.

preferential transfer the perfection of Acorn's security interest on Debtor's vehicle.[3] The bar date for creditors (except governmental units) to file proofs of claims was November 22.

Debtor's confirmed Chapter 13 plan provided, in part:

> 3. After the above payments, payments to secured creditors whose claims are duly proven and allowed as follows:
>
> | Creditor Name | Value | Int. | Description | Monthly Payment |
> |---|---|---|---|---|
> | TCL AUTO SALES | Debt | 6.00 | 2004 Chrysler Sebring | $146.00 |

Although the record is not clear, Debtor apparently purchased his vehicle from TCL Auto Sales and Acorn either financed the purchase or received an assignment from TCL Auto Sales. Despite the fact that the confirmed plan listed TCL Auto Sales rather than Acorn as the "creditor", neither Acorn nor Trustee contend that this error is of any consequence.

**DISCUSSION**

"A motion for summary judgment should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' F.R.Civ.P. 56(c)." . . . *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986); *see also Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996). On a summary judgment motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party. *See Cast Steel*, 348 F.3d at 1301." Midrash Sephardi,

---

[3] 11 U.S.C. § 547(e)(2)(C) (certain postpetition perfections are treated as transfers occurring immediately prior to bankruptcy.)

4

Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004), cert. denied 543 U.S. 1146, 125 S. Ct. 1295, 161 L. Ed.2d 106 (2005).

In general terms, when a debtor files a Chapter 13 petition, he or she also files within 14 days a plan proposing the treatment (priority, secured or unsecured) to be afforded to creditors. Fed. R. Bank. P. 3015(b). A meeting of creditors is scheduled to be held no earlier than 21 and no more than 50 days after the bankruptcy filing. 11 U.S.C. § 341(a), Fed. R. Bank. P. 2003(a). The deadline or "bar date" for most creditors to file a proof of claim is 90 days after the first date set for the meeting of creditors and the court may not reduce that time. Fed. R. Bankr. P. 3002(c), 9006(c)(2).

A duly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A duly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bank. P. 3001(f). A proof of claim asserting a security interest in property must be accompanied by evidence that the security interest has been perfected. Fed. R. Bank. P. 3001(d). A claim that has been allowed or disallowed may be reconsidered for cause. 11 U.S.C. § 502(j).

A hearing on confirmation of the proposed Chapter 13 plan must be held, with certain exceptions, no earlier than 20 and no more than 45 days after the date of the meeting of creditors. 11 U.S.C. § 1324(b). Normally, in the Middle District of Georgia, several hundred Chapter 13 plans will be scheduled for confirmation hearings on the same day.[4] In this Court, on most confirmation hearing days, the trustee will be in the courtroom for one to

---

[4] During the calendar year ending December 31, 2010, there were 7,485 Chapter 13 cases filed in this district. See "Bankruptcy Statistics" Table F-2 published at www.uscourts.gov.

5

two hours prior to the actual hearings negotiating with a multitude of attorneys for debtors and creditors on confirmation issues. During this time, claims may be electronically filed without the knowledge of the trustee. Thus, in most cases, it is not practical, or even possible, for the trustee to review, investigate and file objections to filed claims prior to confirmation.

The bar date for a trustee to commence certain avoidance actions, including an action to avoid a preferential transfer, is, in general, 2 years after the bankruptcy filing. 11 U.S.C. § 546(a)(1)(A). However, the Bankruptcy Code and Rules do not provide a time limit for filing an objection to a claim or a request to reconsider a claim. 11 U.S.C. § 502(a), (j). Thus, the Bankruptcy Code and Rules contemplate that, in a routine case, confirmation of a Chapter 13 plan will occur several weeks before the proof of claims bar date (and thus prior to the subsequent filing of claim objections) and some twenty-one months before the bar date to commence avoidance actions.

In the case at bar, Acorn filed a proof of claim accompanied by a copy of the certificate of title evidencing perfection of its security interest some 42 days prior to the confirmation hearing. From the Tax Commissioner's e-mail, Trustee was aware of the postpetition perfection, and thus the avoidability, of Acorn's lien 30 days prior to the confirmation hearing. Debtor's confirmed Chapter 13 plan provided for "payments to secured creditors whose claims are duly proven and allowed. . . ." No objection to the claim was made prior to the confirmation hearing. Thus, at confirmation, Acorn's secured claim was deemed allowed. 11 U.S.C. § 502(a).

In its motion for summary judgment, Acorn does not dispute that the perfection of its

security interest is otherwise avoidable as a preference.  11 U.S.C. § 547(b), (e)(2)(C).  Rather, Acorn contends that confirmation of the Chapter 13 plan bars Trustee's avoidance action even though the action was commenced within the time prescribed by 11 U.S.C. § 546(a)(1)(A).   Acorn relies upon 11 U.S.C. § 1327(a) which provides:

> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

In Russo v. Seidler (In re Seidler), 44 F.3d  945 (11th Cir. 1995), the Eleventh Circuit Court of Appeals stated:

> The effect of plan confirmation is controlled by section 1327, which may
>> provide a res judicata effect to the terms of a confirmed plan. This effect, however, is premised on the notion that the bankruptcy court has addressed in the confirmed plan and order only those issues that are properly within the scope of the confirmation hearing.  Issues that were not mature for decision and could not be appropriately resolved in either the conformation hearing or in the order confirming the plan are not barred.
>
> *In re Linkous*, 141 B.R. 890, 898 (W.D. Va. 1992), *aff'd*, 990 F.2d 160 (4th Cir. 1993) (citation omitted).

44 F.3d at 948.  In Wallis v. Justice Oaks II, Ltd, (In re Justice Oaks II, Ltd), 898 F.2d 1544 (11th Cir.) cert. denied 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed 2d 398 (1990), the Eleventh Circuit held that the claim preclusion aspect of res judicata was the proper doctrine under which to analyze an order confirming a plan as it related to the subsequent challenge to the characterization of a secured creditor's claim.

Justice Oaks involved a Chapter 11 case in which the debtor proposed a plan

pursuant to which one of its creditors, Allegheny, was treated as a secured creditor to receive a portion of the proceeds from the sale of property in which Allegheny held a second lien. The Wallises were treated as unsecured creditors to receive nothing under the plan. The Wallises objected to confirmation of the plan. They contended that Allegheny and other creditors had acted fraudulently in connection with the transactions by which Allegheny obtained its secured claim and the Wallises incurred their unsecured claim. The Wallises argued that the plan was not fair or equitable because Allegheny and others would receive payment while the Wallises received nothing. While the Wallises did not challenge the plan's characterization of Allegheny as a secured creditor in their plan objection, they nevertheless simultaneously filed an adversary proceeding making the same factual allegations and asked the court to equitably subordinate, under 11 U.S.C. § 510, Allegheny's claim to their own claim.

The bankruptcy court overruled the plan objection and confirmed the plan. Subsequently, the court dismissed the adversary proceeding, holding that the nature of Allegheny's claim had been finally determined in the court's order confirming the plan.

On appeal, the Eleventh Circuit agreed. In analyzing the claim preclusive effect of the confirmation order where no prior objection to the status of the claim had been made, the court held:

> Under the Bankruptcy Code, "[a] claim . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a) (1998). Allegheny filed a proper proof of claim, and the Wallises, as parties in interest, had the right to object to that claim. Bankruptcy Rule 3007 sets forth the procedure for filing an objection to a claim, but that rules does not provide any time limits for filing an objection. The Fifth Circuit,

8

> however, has found such a deadline implicit in several provisions of the Code. In *Simmons v. Savell (In re Simmons)*, 765 F.2d 547 (5th Cir. 1985), the court considered an objection filed after confirmation of a plan, to a secured claim. Although the plan was a chapter 13 plan, most of the court's reasoning is applicable to confirmation of chapter 11 plans. The court held that "under section[ ] 506(a) [which applies in chapter 11 proceedings], a proof of secured claim must be acted upon—that is allowed or disallowed—before confirmation of the plan or the claim must be deemed allowed for purposes of the plan. *See* 11 U.S.C. § 502(a)." *Simmons*, 765 F.2d at 553. The court went on to hold that "because no objection was filed before confirmation of [the] plan, [the] claim should have been deemed an allowed secured claim for purposes of confirmation." *Id.* at 554.
>
> While there is some dispute over the breadth of the *Simmons* court's holding, we think that it at least stands for the proposition that, <u>when the objection is based on an argument that the plan misclassified the objectionable claim, the objection must be made prior to confirmation of the plan</u>. Cf. 8 Collier on Bankruptcy, *supra* ¶ 3007.03, at 3007-8 (*"Simmons* . . . involved claim [ ] misclassified in the plan.") We find that proposition compelling. Furthermore, we hold that the *Simmons* rule applies in this case to bar the Wallises' objection to Allegheny's claim. The Wallises alleged in their objection that Allegheny's claim was "not a proper and allowable claim" because it arose from the buy-out of Allegheny's partnership interest in Justice Oaks. In other words, <u>the Wallises argued that the plan, which classified the Allegheny's claim as secured, misclassified the claim</u>. Under the rule of *Simmons*, which we adopt today as characterized above, <u>the Wallises lost their right to object to Allegheny's claim when the bankruptcy court confirmed the plan</u>. We therefore affirm the district court and, by operation of law, the bankruptcy court order overruling the Wallises' objection to Allegheny's claim.

898 F.2d at 1553. (emphasis added).

In the case of <u>Universal American Mortgage Co. v. Bateman</u> (<u>In re Bateman</u>), 331 F.3d 821 (11th. Cir. 2003), the Eleventh Circuit applied this principle of the preclusive

9

effect of plan confirmation on the status of allowed claims to Chapter 13 plan confirmation orders.  In Bateman the secured creditor held a claim secured solely by the debtor's principal residence.  Prior to plan confirmation, the secured creditor filed a claim in which it asserted a prepetition arrearage claim of $49,178.80.  The debtor's plan set the arrearage claim at $21,600.  The secured creditor did not object to the plan, and the plan was confirmed.  Subsequently, the debtor learned of the larger arrearage claim asserted in the proof of claim and filed an objection to the allowance of the claim.  Finding that the plan had a res judicata effect on the amount of the secured creditor's claim, the bankruptcy court sustained the objection and found that the secured creditor was bound by the $21,600 arrearage amount in the plan.  On appeal, the Eleventh Circuit reversed the bankruptcy court and held that, because an objection to the claim was not filed prior to plan confirmation, the claim was "deemed allowed" in its filed amount at the time of confirmation and could not be subsequently challenged.  Id. at 827-29.

Other courts have applied the res judicata effect of a Chapter 13 confirmation order in refusing to allow subsequent attacks on the status of a secured creditor's claim.  A case analogous to the case at bar is Celli v. First National Bank of Northern New York (In re Layo), 460 F.3d 289 (2nd Cir. 2006).  In that case, the bank had "inadvertently discharged" its mortgage on the debtor's homestead.  Several months later, the debtor filed a Chapter 13 case and listed in his schedules the bank as having a secured claim and thereafter the bank filed a proof of claim.  The bankruptcy court confirmed the Chapter 13 plan which provided that the bank's claim was secured by a valid first mortgage on the debtor's homestead and that the debtor would make monthly payments directly to the bank.  Some seventeen months

later, the debtor and the trustee filed an adversary proceeding to avoid the mortgage. The Second Circuit held that the plan confirmation order bared the subsequent challenge, even though the trustee was unaware of the earlier cancelled lien. The court explained that a simple check of the county real estate records would have revealed the cancelled lien so that the lien could have been challenged before confirmation. See Marlow v. Sweet Antiques (In re Marlow), 216 B.R. 975 (Bankr. N.D. Ala. 1998) (after confirmation, Chapter 13 debtor could not avoid a judgment lien when she knew about the preference claim when bankruptcy was filed.) See also In re Keenan, 2010 WL 780098 (Bankr. D. N. M., Mar. 2, 2010) (objection to classification of claim must be made prior to Chapter 13 confirmation). Evabank v. Baxter 278 B.R. 867, 885-88. (N.D. Ala. 2002) (debtor and trustee must object to secured claim prior to confirmation when plan treated claim as secured).

The case at bar is distinguishable from Hope v. First Family Financial Services of Georgia, Inc. (In re Harrison), 259 B.R. 794 (Bankr. M.D. Ga. 2000) (Walker, J.). In that case, the Chapter 13 plan, which treated the creditor's claim as secured, was confirmed almost six months after the bankruptcy case was filed. First Family asserted a lien in the debtor's mobile home. Prior to confirmation, First Family filed a proof of claim with a copy of the certificate of title listing its lien attached. Five months after confirmation, the trustee filed an adversary proceeding to avoid as preferential the creditor's perfection of its lien on the debtor's mobile home. The trustee did not discover the untimely perfection until after confirmation. Judge Walker held that the trustee's avoidance action was not barred by confirmation, stating:

> First Family thus duly proved its security interest pursuant to Rule 3001 by filing a duplicate of the certificate of title upon

11

>which its lien is noted, and because no party objected, First Family's secured claim was allowed. The mere allowance of First Family's claim, however, did not immunize it from avoidance, and a duplicate of the certificate of title, though sufficient for "proof of claim" purposes, was not sufficient to put Trustee on notice of the untimely perfection of First Family's security interest.
>
>First Family has argued that given the six months between the date of the petition and the date of confirmation, Trustee had ample time to review First Family's claim prior to confirmation. Furthermore, First Family has pointed out that Trustee waited five months after confirmation before filing this avoidance. As Trustee argues, however, she brought her action well within the time period prescribed by the statute of limitations for bringing avoidance actions. *See* 11 U.S.C. § 546(a). Defendant's arguments regarding re judicata do not support the adoption of an arbitrary reduction of the limitations period.
>
>If Trustee had been given sufficient notice to alert her to the untimely perfection of the lien prior to confirmation, the res judicata effect of confirmation might bar Trustee's action to avoid the lien pursuant to the *Matter of Marlow* rationale. First Family acted within its rights in employing a strategy of silence regarding the problems with perfection of its lien, and in submitting documentation sufficient for mere "proof of claim" purposes. Nevertheless, the strategy of silence entailed the risk that, in the course of her investigations, Trustee would discover First Family's untimely perfection. Because Trustee discovered the untimely perfection of First Family's lien within the time period prescribed in Section 546(a), First Family cannot now be heard to protest the fact that it lost its strategic gambit.

259 B.R. at 797-98. In the case at bar, Trustee knew about the defect in the perfection of

Acorn's security interest 30 days prior to the confirmation hearing. Trustee also knew that

Debtor's plan treated Acorn's claim as a secured claim.

Turning to the case at bar, prior to the confirmation hearing, Acorn filed a proof of claim

accompanied by the certificate of title listing its security interest on Debtor's vehicle. Trustee inquired and was informed of the date that Acorn had applied for the certificate of title. Thus, 30 days prior to the confirmation hearing, Trustee knew that the perfection of Acorn's lien was avoidable since it had occurred postpetition. Trustee also knew that Debtor's proposed plan treated Acorn's claim as secured. Trustee did not object to the secured classification offered to Acorn's claim. Trustee, through this adversary proceeding, now seeks to avoid perfection of Acorn's security interest, which will have the effect of changing the classification of the claim from secured to unsecured. <u>Justice Oaks</u> prohibits a postconfirmation objection to the misclassification of claims.

Trustee argues that confirmation does not bar her avoidance action. First, Trustee argues that although section 1327(a) provides that confirmation binds the debtor and all creditors, section1327(a) is silent as to any binding effect on a trustee. Although Trustee cites no case law to support this argument, at least two cases have ruled otherwise. <u>In re Layo</u> 460 F.3d at 295-96 (Chapter 13 confirmation is res judicata as to debtor and trustee); <u>Meyer v. Pagano</u>, 2002 WL 31159110 (N.D. Cal., Sept. 25, 2002) (confirmation binds trustee).

Second, Trustee argues that the only time limitations applicable to a trustee's avoidance action are those prescribed in 11 U.S.C. § 546(a) which allowed her two years after the bankruptcy filing to bring this avoidance action. Trustee argues that each section of the Bankruptcy Code should be interpreted in light of the remaining sections and that if confirmation bars postconfirmation avoidance actions, then section § 546(a) is negated. Although Trustee's argument has merit, this Court is bound by <u>Justice Oaks</u> which held that an objection to misclassification of claim must occur prior to confirmation.

13

Third, Trustee contends that confirmation does not bar issues that must be raised through an adversary proceeding because the confirmation process concerns the treatment, classification and value of claims and generally does not resolve substantive disputes which must be adjudicated in an adversary proceeding. See Educational Credit Management Corp. v. Mersmann (In re Mersmann), 505 F.3d 1033, 1050 (10th Cir. 2007); Whelton v. Educational Credit Management Corp., 432 F.3d 150, 154 (2nd Cir. 2005); Cen-Pen Corp v. Hanson, 58 F.3d 89,93 (4th Cir. 1995); In re Beard, 112 B. R. 951, 955-56 (Bankr. N.D. Ind. 1990). Contra In re Layo 460 F.3d at 294 (if a lien is not in dispute at the time of confirmation, there is no right to later commence an adversary proceeding challenging the lien). However, it is doubtful this reasoning survives the Supreme Court's decision of United States Aid Funds, Inc., v. Espinosa, 130 S. Ct. 1367, 176 L.Ed. 2d 158 (2010). (creditor bound by provisions of confirmed Chapter 13 plan even though Bankruptcy Rules provided that adversary proceeding was proper procedural avenue to establish undue hardship of student loan). Further, the classification of a claim was precisely what the Justice Oaks decision held could not be challenged after confirmation.

Finally, Trustee contends that Acorn was not harmed by the delay in filing this adversary proceeding. However, a creditor who is treated as fully secured is not likely to object to confirmation or file an objection to the dischargeability of its debt. If the secured treatment of the claim is challenged postconfirmation, the creditor has probably lost the opportunity to challenge confirmation or dischargeability.[5]

---

[5] Fed. R. Bank. P. 4007(c) (in Chapter 13 case, dischargeability complaint under § 523(a)(2) and (4) must be commenced within 60 days of § 341(a) meeting of creditors).

14

The Court wishes to emphasize that its ruling is limited to the facts of this case in which the Trustee was fully aware of the avoidable nature of the creditor's lien before confirmation. As the Court has recognized above, the Bankruptcy Code and Rules contemplate that, in routine cases, confirmation of Chapter 13 plans will occur before the bar dates for proofs of claim and avoidance actions. In light of the fact that claims can be electronically filed up to and after the confirmation hearing, there will be many incidences where the trustee will not have had a chance to adequately review and object to claims prior to confirmation. In those incidences, res judicata may not preclude the subsequent challenge to the characterization of the claim. Indeed, as previously noted, this was precisely the reason the court in In re Harrison allowed the postconfirmation adversary proceeding by the trustee even though the creditor had filed a proof of claim before confirmation. See also In re Layo, 460 F.3d at 292-93 (the application of res judicata may be avoided in the case of newly discovered evidence when the evidence could not have been discovered with due diligence). There can be no bright line rule. Each case must be considered on its own merits.

## CONCLUSION

For the reasons stated above, there are no genuine disputes as to any material fact. As a matter of law, Trustee's avoidance action is barred by confirmation of Debtor's Chapter 13 plan. Accordingly, Acorn Financial, Inc.'s motion for summary judgment is granted. Pursuant to Bankruptcy Rule 7058 an order consistent with this opinion shall be entered by the Court.